C. MYRON BOUTELLE & others, executors, *vs.* MATILDA
E. CARPENTER & another.

Worcester.　September 30, 1902. — January 7, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Bills and Notes. Alteration of Instruments. Limitations, Statute of. Mortgage. Damages.*

An indorsement on a mortgage note by a purchaser of the equity of redemption, agreeing to pay a higher rate of interest, made without the knowledge or consent of the maker of the note, does not bind the maker and is not an alteration of the note.

Pub. Sts. c. 197, § 6, exempting from the six year period of limitation an action on a witnessed promissory note if the action is brought by the original payee or by his executor or administrator, applies to an action brought in the name of the executor of the original payee with the executor's consent.

In an action against a mortgagor upon the mortgage note for the balance due after a foreclosure sale, where the defendant was not the owner of the equity at the time of the sale, he can show in reduction of damages, that the sale was not conducted as it should have been and that more should have been realized, especially if the holder of the mortgage was the purchaser.

CONTRACT for a balance alleged to be due on a promissory note originally for $2,500. Writ dated May 3, 1901.

In the Superior Court *Gaskill,* J. upon an agreed statement of facts found for the plaintiffs, and assessed the damages in the sum of $1,188.87. Both the plaintiffs and the defendants appealed.

*J. B. Scott,* for the plaintiffs.

*B. W. Potter,* for the defendants.

Morton, J.  This is an action against the defendants as makers to recover the balance due upon a mortgage note.  The note was dated September 21, 1887, and was witnessed.  The mortgagee assigned the mortgage and indorsed the note, without recourse, to one Dean who, without indorsing the note, transferred the note and mortgage to one Powers, who is the present holder thereof.  In April, 1901, Powers foreclosed the mortgage, and became himself the purchaser, bidding off the property for $50, subject to a first mortgage of $6,700.  The defendants were not notified of the sale.  Previous to the sale, they had conveyed the equity to one Thompson, who was at the sale, and before the sale, Powers had offered to assign the note and mortgage to the defendants on payment of what was due, saying that unless he was paid he should foreclose the mortgage.  The note as originally written was with interest at six per cent.  Afterwards, an agreement, signed by Thompson, was indorsed on the note by which he agreed to pay seven per cent.  This was done without the knowledge or consent of the defendants.  One question is whether this constitutes a material alteration of the note and whether the defendants should be credited the extra interest paid by Thompson, amounting to about $300.  Another question is whether the note is barred by the statute of limitations.  The action is brought in the interest of Powers in the names of the executors of the original payee with their consent.  The third and last question is whether the amount due on the note should be reduced by the sum of $800 which it is in effect agreed was the fair market value of the equity at the time of the foreclosure.  It is agreed that if it was competent for the judge to consider in this action whether the foreclosure sale was properly conducted, and if evidence concerning the matter would be admissible under the pleadings, then the amount due on the note is to be reduced by the sum of $800 aforesaid.

The case was tried on agreed facts and was heard by the judge without a jury.  The judge found for the plaintiffs deducting the $800 aforesaid.  Both parties appealed.

1.  The indorsement signed by Thompson did not constitute an alteration of the note.  " The original note," as said in *Cambridge Savings Bank* v. *Hyde*, 131 Mass. 77, 78, " remains

intact. It is in no respect altered or made different. The memorandum on the back [here it might be said the indorsement] is evidence of an independent collateral agreement, and has no more effect than if it had been written on a separate piece of paper." The indorsement does not bind the defendants to pay seven per cent and affects only the party who signed it. See also *Stone* v. *White*, 8 Gray, 589. We see no ground on which the claim of the defendants to be allowed the extra interest paid by Thompson can be sustained.

2. The action being brought in the name of and with the consent of the executors of the payee, and the note being a witnessed note, it is clear that the action is not barred. Pub. Sts. c. 197, § 6. *Hodges* v. *Holland*, 19 Pick. 43. *Sigourney* v. *Severy*, 4 Cush. 176. *Drury* v. *Vannevar*, 5 Cush. 442. *Rockwood* v. *Brown*, 1 Gray, 261. *Troeder* v. *Hyams*, 153 Mass. 536, 540.

Powers could bring the action in the name of the executors with their consent, and it is immaterial so far as the defendants are concerned, whether the amount that is found due and is paid by them is collected by the plaintiffs for their own use or that of Powers. The case comes within the words of the statute and is governed by the cases cited.

3. In an action upon a mortgage note to recover the balance due after a foreclosure sale where the mortgagors were not the owners of the equity at the time of the sale we think that it is open to the makers of the note to show, as bearing upon the amount due, that the sale was not conducted as it should have been, and that more should have been realized, especially if the holder of the mortgage was himself the purchaser. Unless the makers of the note can do that they would seem to be without a remedy. In the present case the issue whether the sale was properly conducted was raised by the pleadings, and evidence in regard to it was therefore admissible. It was agreed, as already observed, that if it was competent for the judge to consider whether the sale was properly conducted or not, and if evidence was admissible under the pleadings in reduction of the amount due on the note, then the judge was to reduce the amount found due on the note by the sum of $800. We think that it was competent for the judge to consider whether the sale was prop-

erly conducted and that the evidence was admissible under the pleadings.

It follows that the judgment should be affirmed.

*So ordered.*