JAMES H. VAHEY, executor, & another, vs. HENRY J.
BIGELOW & another.

Suffolk.　December 2, 1910. — March 1, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Practice, Civil,* Findings by trial judge, Exceptions.　*Mortgage,* Of real estate: fore-
closure.　*Evidence,* Presumptions and burden of proof.

Where a judge, who, without a jury, hears an action of contract, finds for the
plaintiff, and the defendant alleges exceptions, such finding is to stand if it is
warranted in law upon any possible view of the evidence.

In an action by a mortgagee of real estate against the mortgagor to recover a bal-
ance remaining due upon the mortgage note after a sale of the mortgaged prop-
erty under a power of sale in the mortgage, if the mortgagor contends that the
sale was not made in good faith and was not properly conducted, the burden is
upon him to establish that contention.

The provision in a mortgage of real estate giving the mortgagee power to sell the
mortgaged property in case of default by the mortgagor in the performance of
the conditions of the mortgage did not require the mortgagee to give to the
mortgagor notice of an intended foreclosure sale.　The mortgagee foreclosed the
mortgage under the power of sale and complied strictly with the provisions of
the mortgage with regard thereto.　The evidence as to whether there was a
notice given to the mortgagor was conflicting, an attorney who acted for the
mortgagee and purchaser in his behalf testifying that it was "his remembrance"
that such notice was given, and there being "direct, affirmative and positive
evidence" that no such notice was given.　There was no effort made to advertise
the sale beyond the required foreclosure notice in a newspaper.　There were
but ten persons at the sale and only one bid, which was made by the attorney of
the mortgagee.　The property was sold for $7,200, and its fair market value at
the time was $10,000.　The mortgagor had sold his interest in the mortgaged
property two years before the sale.　After the sale there was still due to the
mortgagee on the mortgage note $3,488 for which he brought an action against
the mortgagor, who contended that the sale was not conducted properly or in
good faith and that there should have been no deficiency.　The case was tried
before a judge without a jury and the foregoing facts were in evidence.　The
defendant made no special requests for findings but asked the judge to rule
that as matter of law the plaintiff could not recover.　The ruling was refused,
the judge found for the plaintiff, and the defendant alleged exceptions.　*Held,*
that the exception must be overruled, since on the evidence the judge was war-
ranted in finding that the sale was conducted by the plaintiff properly and in
good faith.

Where at the trial before a judge without a jury of an action for $3,488, a balance
alleged to be due upon a note secured by a mortgage upon real estate after a
sale in foreclosure of the mortgage, the defendant merely asks the judge to rule
that as matter of law the plaintiff cannot recover, and, the ruling being refused
and the judge finding for the plaintiff, alleges an exception merely to the re-

fusal to give the ruling, no question as to whether an amount of $1,262, which was paid by the plaintiff as taxes upon the mortgaged property before foreclosure, properly was included in the finding, is brought before this court.

CONTRACT for $3,488.21, a balance alleged to be due upon a promissory note secured by a mortgage upon real estate after a foreclosure of the mortgage and sale of the real estate under the power of sale contained in the mortgage. Writ dated July 30, 1907.

The action originally was brought by Marvel J. Conant and Willis S. Vincent against Henry J., Lewis H. and Samuel B. Bigelow. Conant died before the finding of the judge, and James H. Vahey, the executor of his will, was allowed to appear and prosecute the action in his stead.

The answers of the defendants alleged that the foreclosure sale " was not properly conducted and that by reason of the failure of the said plaintiffs properly and fairly to conduct said sale and by reason further of their failure to notify this defendant and others, and by reason further of their lack of good faith in the conduct of the sale there was not realized at said sale all that the property secured by said mortgage was fairly worth and that on account of said improper and unfair methods used by the plaintiffs they did not receive the fair market value of said property which at the time of said sale was far in excess of the amount due, if any, upon said note, wherefore this defendant owes the plaintiffs nothing."

The case was heard by *Hardy*, J., without a jury.

The power of sale in the mortgage was as follows : " But upon any default in the performance or observance of the foregoing condition, the grantees or their executors, administrators or assigns may sell the granted premises, or such portion thereof as may remain subject to this mortgage in case of any partial release hereof, together with all improvements that be thereon, at public auction in said Boston, first publishing a notice of the time and place of sale once each week for three successive weeks in some one newspaper published in said Boston, the first publication of such notice to be not less than twenty-one days before the day of sale and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple ; and such sale shall forever bar us and all persons claiming under

us from all right and interest in the granted premises, whether at law or in equity."

Other material facts are stated in the opinion. The judge found for the defendant Samuel B. Bigelow because the claim against him was barred by a discharge in bankruptcy. He found for the plaintiffs in the sum of $4,004.47 against Henry J. and Lewis H. Bigelow; and those defendants alleged exceptions.

*E. C. Stone*, for the defendants.

*J. H. Vahey*, (*P. Mansfield* with him,) for the plaintiffs.

HAMMOND, J. This is an action against the makers of a promissory note secured by a power of sale mortgage of real estate, to recover a balance alleged to be due after applying towards the payment of the note the proceeds of the sale of the security. The case was tried in the Superior Court without a jury. At the close of the evidence the defendants asked the judge to rule as matter of law that the plaintiffs were not entitled to recover. The judge refused so to rule, and having so refused found for the plaintiffs in the sum of $4,004.47. The defendants made no special requests for findings either upon the question of notice or upon the manner of foreclosing; and the only question raised upon the record is whether the ruling requested should have been given.

The sale was advertised as required in the power of sale. "No further advertising was done. No posters were printed and none was put up in a public place. No handbills were distributed. No prospective purchasers were notified or sought. All that was done was a mere literal or bare compliance with the power contained in the mortgage, except as appears from the testimony of Richards" as to notice to the defendants. There were "not more than ten present at the sale, and the only bid made was that of . . . Richards of $7,200." At the time of the foreclosure neither of the defendants had any interest in the real estate described in the mortgage, each having sold out more than two years before. Richards, who throughout the foreclosure proceedings acted as the attorney of the plaintiff and who took his deed as such, testified in substance that "his remembrance" was that before the sale he notified each of the defendants by sending a copy of the advertisement thereof. There was however "direct, affirmative and positive

evidence . . . tending to show that the . . . defendants never received any notice of the sale." On the question whether any such notice was given or received, the evidence was conflicting and would warrant a finding either way. It was a question of fact for the decision of the judge as the trier of fact. The fair market value of the property at the time of the foreclosure sale was found by him to be $10,000.

"In an action upon a mortgage note to recover the balance due after a foreclosure sale where the mortgagors were not the owners of the equity at the time of the sale we think that it is open to the makers of the note to show, as bearing upon the amount due, that the sale was not conducted as it should have been, and that more should have been realized, especially if the holder of the mortgage was himself the purchaser." Morton, J., in *Boutelle* v. *Carpenter*, 182 Mass. 417, 419. And accordingly in that case it was held that it was competent for the trial judge under the circumstances therein disclosed to consider whether or not the sale was properly conducted. The property had been bought by the mortgagee for $50, and it was agreed by the parties that, if it was competent for the judge to consider whether or not the sale had been properly conducted, the amount of $800 instead of $50 should be credited on the note. The trial judge considered the question and made the larger deduction, and his action was sustained. In that case the defendants were not notified of the proposed sale.

It is argued by the defendants that the present case is in substance the same as *Boutelle* v. *Carpenter*. It is to be noted that the defendant here did not ask for any specific ruling that if the sale was not properly conducted the full value of the property should be credited. They asked in substance for a ruling that as matter of law the court was bound to find that the foreclosure proceedings were not properly conducted.

The general finding was for the plaintiff and that finding is to stand if it be warranted in law upon any possible view of the evidence. There is no doubt that " the court will require entire good faith in a mortgagee acting under a power; but if he acts in such good faith, and fully conforms to the terms of his power, we cannot set aside a sale because it is a hardship upon the mortgagor. The hardship, if any, results from the contract of the

mortgagor, and we cannot relieve him from it without violating the rights of the mortgagee." *Learned* v. *Geer*, 139 Mass. 31, 32.    Under the circumstances disclosed in that case it was said : " He [the mortgagee] had the power of adjourning the sale, but he was not obliged to do so, in the absence of any evidence that an adjournment would be of any benefit.    He had the right to bid himself; and the facts that no other bidders were present, and that he purchased through an agent, do not make the sale invalid, nor does the fact that the estate brought less than its value as found by the master.    *Wing* v. *Hayford*, 124 Mass. 249. *King* v. *Bronson*, 122 Mass. 122."    If the mortgagors relied upon the allegations that the sale was not made in good faith or not properly conducted, the burden is upon them to show it.    *Wadsworth* v. *Glynn*, 131 Mass. 220.

In the case before us there was a strict compliance with the terms of the power.    The evidence further warranted the findings that the mortgagees gave notice to the mortgagors of the intended sale and acted in good faith.    The judge was not bound to find as matter of law that an adjournment of the sale would have been for the benefit of the mortgagors.    The hardship, if any there be, to the mortgagors arises from the nature of the contract and not from the method in which it was carried out. There was no error in refusing to give the ruling requested.

The defendants further urge that in no event could the sum of $1,262.96 being the amount of taxes assessed upon the property before foreclosure and paid by the plaintiffs, be included in the sum due on the note.    A short answer to this is that this question is not raised on the record.    It was not specifically raised, and is not involved in the general ruling requested.

*Exceptions overruled.*