CHARLES F. STONE & another, executors, *vs.* GEORGE B. HASKELL.

Suffolk.    January 9, 1912. — June 18, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Mortgage,* Of real estate: foreclosure.

At the trial of an action of contract for a balance due on a note secured by a mortgage of real estate after a sale in foreclosure of the mortgage, it appeared that the mortgage authorized the mortgagee or his assigns to purchase at the foreclosure sale, that the formalities required by the mortgage were complied with, that the mortgagee procured the attendance of several persons who he had reason to believe would bid, that the defendant knew of the sale but made no effort to attend it or to procure others to do so, that the sale was held inside a house on a January 10, that no auctioneer's flag was displayed, and that the mortgagee bid at the sale for a person to whom the property was struck off. There also was evidence tending to show that the selling price was all that the premises reasonably could be expected to bring, and that in cold or stormy weather sales sometimes were held indoors. There was no evidence that the facts, that no flag was displayed and that the sale was indoors, operated to the prejudice of the mortgagor. *Held,* that findings were warranted that the mortgagee exercised good faith and did all he was bound to do to protect the interests of the mortgagor.

MORTON, J. This is an action to recover the balance alleged to be due upon a mortgage note after applying to it the proceeds of a foreclosure sale under the mortgage. The trial judge* found

————

* The case was heard by *McLaughlin,* J., without a jury.

for the plaintiffs and the case is here on exceptions by the defendant to the refusal of the court to rule that the fair market value of the mortgaged premises was $6,000, and that on all the evidence the plaintiffs were not entitled to recover.

1. The fair market value was a question of fact. There was evidence warranting a finding that it was less than $6,000. The presiding judge also took a view. It cannot be said that the judge was bound to find that the fair market value was $6,000. The ruling requested was therefore rightly refused.

2. The mortgage expressly authorized the mortgagee or his assigns to purchase at the foreclosure sale. The action of the plaintiff Stone, one of the mortgagee's executors, in bidding at the sale for one Beal, to whom the premises were struck off, was therefore warranted by the mortgage. The premises were sold for $4,500, subject to unpaid taxes of $142.91. One witness, a real estate broker, testified that the fair cash market value was $4,000. There was evidence of actual sales of property similarly situated in the vicinity at about the same price as that for which this property was sold. This would warrant a finding that the premises brought all that they reasonably could be expected to bring. The sale was advertised as required in the mortgage and took place at the time and place specified in the notice. The plaintiff Stone procured the attendance of several persons who he had reason to believe would bid. The defendant knew of the sale but did not himself attend or make any effort so far as appears, to get others to do so. The sale was in the house and no flag was displayed. But it was the tenth of January and there was evidence that in cold or stormy weather sales were sometimes held in the house. There was also evidence that sometimes a flag was not displayed. The fact that no flag was put out and that the sale was in the house is not shown to have operated in any way to the prejudice of the defendant. There is nothing to show that the plaintiffs did not exercise good faith in making the sale and do all that they were bound to do to protect the interests of the defendant, or that the presiding judge was not warranted in so finding.

*Exceptions overruled.*

*W. A. Abbott,* for the defendant.
*S. E. Duffin,* for the plaintiffs.