BARNS, PAUL D., Associate Judge.
This is an appeal from a summary final judgment of dismissal. We hold that the judgment is without prejudice and affirm.
The appellant-plaintiff, “First Federal”, in an action at law sued the appellee-de-fendants on a promissory note previously secured by a mortgage. The suit is for the deficiency remaining unpaid after crediting the proceeds of the sale of the mortgaged land made pursuant to the final decree of foreclosure. The note sued on was for the payment of $500,000.00 and was executed by the appellee-corporation, Consolidated Development Corporation, and Carl R. Warner and Raymond S. Hurley. Service of process on Hurley in this action at law was not obtained.
The defendants present as objections and defenses to plaintiff’s claim the matters as follows:
A prayer of the complaint in the Palm Beach County mortgage foreclosure suit was:
“That if such sale is found to be necessary and there appears to be a deficiency *472 by reason of the failure of the land to sell for a sufficient sum of money to pay the Plaintiff the amount found to be due it hereunder, upon application by the Plaintiff, a decree for such deficiency will be considered by this Court against the Defendants against whom such sum should be charged.”
The final decree of foreclosure made specific retention of jurisdiction to determine the award or denial of any deficiency decree as follows:
“The Court retains jurisdiction of this cause and of the parties hereto for the purpose of settling all other questions over which this Court has jurisdiction to settle under the Complaint as the Court shall determine proper in 'equity and as the circumstances of this case may require including but not limited to any motions for Deficiency Decree which may be filed herein.”
After the commencement of this action at law the plaintiff moved in the foreclosure case for a “termination of the jurisdiction” of that court upon the ground of a provision of the final decree of foreclosure as quoted above and upon the representation to the chancellor that no motion for a deficiency decree therein had been made and no application for a deficiency decree would be applied for in that suit and that the retained jurisdiction “is no longer necessary”. Whereupon, the chancellor, after making recitals of the foregoing representations, made an order as follows:
“It is therefore, ordered, adjudged and decreed that the motion to terminate jurisdiction of this court in this cause, is hereby granted ex parte.”
The trial judge, upon defendants’ motions for summary judgment, after reciting the provisions of the foregoing order, concluded that the plaintiff “having elected this forum [Palm Beach County Circuit Court], it is the opinion of the Court that the plaintiff may not then file a subsequent action at law for a deficiency decree in this Court [Broward County Circuit Court] and thus subject defendants to additional harassment and additional litigation expense”, and thereupon adjudged that plaintiff “go hence * * * and take nothing * * *.” Thereupon, this appeal ensued.
The final judgment appealed from seems, not to have been based on the merits of plaintiff’s claim or upon a defense of res judicata or waiver but upon the premise that another court’s jurisdiction had been invoked as to the claim and the other court had jurisdiction of the claim and all the parties in privity.
To remove the basis for such a conclusion, the plaintiff sought to divest the chancellor in the mortgage foreclosure action by obtaining an order terminating jurisdiction and the chancellor adjudged that plaintiff’s “motion to terminate jurisdiction * * * is hereby granted ex parte.”'
Did the quoted order actually terminate jurisdiction? If he had denied plaintiff’s, right to a deficiency decree with or without prejudice, doubtless jurisdiction would have been terminated; or, if a deficiency decree had been granted, jurisdiction would have been terminated, except for its enforcement. Jurisdiction is power, which power is for the benefit of the parties involved. For the purposes of deficiency decrees vel non this power is not for the benefit of the court; hence, it cannot waive its jurisdiction in that regard. It may refuse or refrain from exercising the power, but the chancellor cannot abjure a court of equity of its innate or inborn jurisdiction by mere words of jaci-tation. It is our conclusion that the Palm Beach County Circuit Court still has jurisdiction of the subject matter of the question of a deficiency decree notwithstanding the plaintiff’s motion filed there to “terminate jurisdiction” and the ex parte order entered thereon.
We hold that the summary final judgment constitutes a dismissal without prejudice *473 to the plaintiff’s right to have the question of deficiency determined by the Palm Beach County Circuit Court.
Affirmed.
SMITH, C. J, and ANDREWS, J., concur.