249 Md. 228 (1968)
239 A.2d 89
COOPER
v.
ATLANTIC FEDERAL SAVINGS & LOAN ASSOCIATION OF FORT LAUDERDALE
[No. 138, September Term, 1967.]
Court of Appeals of Maryland.
Decided March 7, 1968.
The cause was submitted on brief to HAMMOND, C.J., HORNEY, MARBURY, BARNES and SINGLEY, JJ.
Submitted by William A. Franch and Wray & Serio for the appellant.
Submitted by Albert J. Goodman, Theodore G. Bloom and Goodman & Bloom for appellee.
MARBURY, J., delivered the opinion of the Court.
The defendant-appellant in this case, J. Milton Cooper, and his then wife, Elaine E. Cooper, on August 5, 1960, signed *229 a note in favor of the plaintiff-appellee, Atlantic Federal Savings and Loan Association of Fort Lauderdale, in the amount of $30,000, which was secured by a mortgage on a piece of real property located in Palm Beach County, Florida. Subsequent marital discord resulted in the separation of the Coopers and the payments on the mortgage fell in arrears. Thereafter, on March 19, 1964, a complaint was filed in the Circuit Court of Palm Beach County, Florida, in Chancery, to foreclose the mortgage. At that time the appellant was not a resident of Florida and personal service of process could not be had upon him. However, constructive service was had by publishing in a local newspaper and mailing a copy of the notice to the appellant who then resided in Washington, D.C. The Florida court, in exercise of its jurisdiction thus obtained, proceeded with the foreclosure proceedings and as the appellant did not appear to defend, a decree pro confesso was entered, followed by a summary final decree and the property was sold to the appellee, the highest bidder, for $1,000. The property was subsequently resold for $26,000 and the appellant was credited with this amount, minus costs. This left a deficiency of $9,293.49.
The appellee, on finding that the appellant was then a resident of this state, obtained the services of a Maryland attorney and brought the present action to recover the deficiency. The declaration was filed in the Circuit Court for Anne Arundel County along with a notice to plead, a motion for summary judgment, and an affidavit in support of the motion. After service of process upon him, the appellant filed a "Demurrer to Declaration in Assumpsit and to Motion for Summary Judgment." On September 9, 1966, there was a hearing on the demurrer before Judge Sachse, who, on January 10, 1967, overruled the demurrer. The appellant then entered a general issue plea and after further affidavits and admissions, Judge Pitcher granted the appellee's motion for summary judgment and entered judgment on April 26, 1967, for the appellee against the appellant in the amount of $9,293.49, with interest from April 20, 1967, and costs of suit.
The appellant apparently concedes the validity of the foreclosure proceedings and the amount of the deficiency, and the only matter now before this Court is the correctness vel non *230 of the overruling of appellant's demurrer. The bases for the demurrer are a Florida statute, two Florida cases, and paragraph 15 of the final decree rendered by the Florida court. It is apparent to us that the lex loci contractus governs this case and this seems to be conceded by the parties.
The statute, Florida Statutes, Section 702.06, provides as follows:
"Deficiency decree; common law suit to recover deficiency.  In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency, provided no suit at law to recover such deficiency shall be maintained against the original mortgagor in cases where the mortgage is for the purchase price of the property involved and where the original mortgagee becomes the purchaser thereof at foreclosure sale and also is granted a deficiency decree against the original mortgagor."
The contention of the appellant is that the Florida courts have construed this statute to mean that when, pursuant to a foreclosure action, a court retains jurisdiction for the purpose of entering a deficiency decree, that this is a bar to bringing an action at law to collect a deficiency under the mortgage. A reading of the statute and the cases cited does not show this to be the case. On its face, the statute does give the complainant the right to maintain a suit at common law to recover a deficiency unless three circumstances are present, i.e., where the mortgage was for the purchase price and the mortgagee is the purchaser at the foreclosure sale and also is granted a deficiency decree against the original mortgagor. The last requirement did not occur in this case and no deficiency decree was granted but the court simply by paragraph 15 of its final decree retained jurisdiction to do so "when and if such deficiency decree shall appear proper."
In Reid v. Miami Studio Properties, 190 So. 505, 506 (Fla.), *231 the court was considering Compiled General Laws, 1927, Section 5751, a predecessor of Section 702.06, and the question before the court was whether an action at law could be maintained when the plaintiff prayed for a deficiency decree in the foreclosure proceedings and the prayer was not considered. There the court said:
"We understand the law to be that where there is no prayer for a deficiency and where one is not sought or entered in the foreclosure proceeding the law courts may be resorted to to recover one. * * * [W]e see no basis for the logic that he is precluded from an action at law to recover one if the chancellor is importuned to enter it and declines to consider the question or to make any ruling thereon.
* * *
"In fine, we understand Section 5751, Compiled General Laws of 1927, to mean that if a deficiency decree is asked for in a foreclosure and granted, that settles the question of what forum may be sought for relief but if not asked for or if asked for and overlooked or not considered, the right of the claimant is not affected. He may sue at law and recover such portion as he may prove himself entitled to."
In First Federal Savings and Loan Association of Broward County v. Consolidated Development Corporation, 184 So.2d 471, 472, the complainant prayed for a deficiency decree and the court retained jurisdiction to grant such a decree. Subsequently, however, the complainant requested that the court terminate its jurisdiction and the court entered an order to that effect. The complainant then brought an action at law in a neighboring county where his action was dismissed by way of summary judgment. The appellate court sustained the dismissal but held that the original court, where the foreclosure action was brought, still had jurisdiction. In doing so the court reasoned as follows:
"If he had denied plaintiff's right to a deficiency decree with or without prejudice, doubtless jurisdiction would have been terminated; or, if a deficiency decree *232 had been granted, jurisdiction would have been terminated, except for its enforcement. Jurisdiction is power, which power is for the benefit of the parties involved. For the purposes of deficiency decrees vel non this power is not for the benefit of the court; hence, it cannot waive its jurisdiction in that regard. It may refuse or refrain from exercising the power, but the chancellor cannot abjure a court of equity of its innate or inborn jurisdiction by mere words of jacitation. It is our conclusion that the Palm Beach County Circuit Court still has jurisdiction of the subject matter of the question of a deficiency decree notwithstanding the plaintiff's motion filed there to `terminate jurisdiction' and the ex parte order entered thereon."
The case now before us, however, is on an entirely different footing since here the defendant was no longer residing in the state where the foreclosure took place and there were no means by which the Florida court could get in personam jurisdiction over him. In order that a deficiency decree be valid and binding the court must have in personam jurisdiction over the mortgagor. Stewart v. Eaton, 287 Mich. 466, 283 N.W. 651, 120 A.L.R. 1354; 37 Am. Jur., Mortgages, Section 861. This the Florida court could not do as the mortgagor had left the state. As was pointed out by the Florida court in Matz v. O'Connell, 155 So.2d 705, 708 (Fla.):
"Although § 702.06, Florida Statutes, F.S.A., in effect states that in all suits for the foreclosure of mortgages the entry of a deficiency decree shall be within the sound judicial discretion of the court, such a statute may not be applied except where the court had personal jurisdiction over the person of the maker."
To hold that the Florida statute barred the mortgagee from obtaining jurisdiction in another state simply because the court handling the foreclosure proceedings retained jurisdiction to enter a deficiency decree "when and if such deficiency decree shall appear proper," would enable a defaulting mortgagor to escape liability for a deficiency simply by moving across a state *233 line. The purpose of the statute is not to deny a mortgagee the right to recover a deficiency where the foreclosure sale fails to produce the full amount of the debt but is to protect the mortgagor from the harassment and expense of having to defend multiple actions brought in different courts for the same purpose.
Our reading of the foregoing statute and cases leads us to the conclusion that the trial court was correct in overruling the defendant's demurrer. Accordingly, the judgment must be affirmed.
Judgment affirmed, with costs.