497 So.2d 1353 (1986)
NCNB NATIONAL BANK OF FLORIDA f/k/a Gulfstream Bank, N.A., Appellant,
v.
PYRAMID CORPORATION, a Florida Corporation, and Jerome Fazio, Individually, Appellees.
No. 4-86-0178.
District Court of Appeal of Florida, Fourth District.
December 3, 1986.
*1354 John Beranek and Julie Pressly of Klein & Beranek, West Palm Beach, and John T. Morrison, Boca Raton, for appellant.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellee Jerome Fazio.
PER CURIAM.
We are asked to review the trial court's order setting aside a final deficiency judgment in a mortgage foreclosure action. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(i), Florida Rule of Appellate Procedure.
In 1982 appellee Jerome Fazio, individually and as president of Pyramid Corporation (Pyramid), executed a promissory note and mortgage on real property in favor of appellant for $133,000. Appellant NCNB National Bank of Florida (Bank) filed a foreclosure action in January, 1983 alleging default under the terms, and demanding the balance due of $132,273.59 plus interest. It also demanded that if after the sale of the property its claim was not fully satisfied a deficiency judgment would be entered for the remainder.
Service was attempted on Pyramid and Fazio, individually, but neither could be served. An affidavit of diligent search and inquiry was filed. A notice of action was filed in May, 1983 and in rem jurisdiction effected through service by publication. A default was entered after no answer or other pleading was filed by either Fazio or Pyramid. A final judgment of foreclosure was entered against them in the amount of $158,678.63. A sale was held in November, 1983 at which the Bank was the only bidder. The Bank sold the property to a third party in March, 1984 for $100,000 leaving a deficiency of $76,624.30 plus interest. Appellant then filed its motion for deficiency judgment. Fazio was personally served with an alias summons, a copy of the motion for deficiency judgment, and a copy of the original complaint for foreclosure. He filed an answer denying the allegations and raising affirmative defenses of laches, estoppel, lack of personal jurisdiction, and lack of a commercially reasonable sale. A hearing was held on the motion for deficiency and was attended by both parties. The trial court entered final judgment ordering appellees to pay the deficiency amount plus costs and attorney fees.
Fazio filed a motion to set aside the deficiency judgment on the ground that the court lacked personal jurisdiction over him since he was not personally served in the foreclosure action. The trial court granted the motion and set aside the deficiency as void for lack of personal jurisdiction.
Appellant contends on appeal that the trial court erred in setting aside the deficiency final judgment on the basis of lack of personal jurisdiction because the appellee had been personally served with the motion for deficiency judgment. Appellee contends that, since the final judgment of foreclosure was entered without personal service over him, any later-acquired jurisdiction *1355 over his person, such as the motion for deficiency judgment, is impossible or prohibited. We disagree with appellee and reverse the trial court's order setting aside the deficiency final judgment.
A plaintiff is not required to effect personal service upon a defendant in a foreclosure action. Section 49.011(1), Florida Statutes (1983) provides that service by publication properly brings the matter within the trial court's in rem jurisdiction:
Service of process by publication may be made ... in any action or proceeding:
(1) To enforce any legal or equitable lien or claim to any title or interest in real or personal property within the jurisdiction of the court... .
Once a final judgment of foreclosure is obtained, and a sale of the property results in a deficiency, the plaintiff may request the court to enter a deficiency decree. Section 702.06, Florida Statutes (1983). Generally a defendant is considered properly before the court on a motion to enter a deficiency judgment if he is given timely notice that a deficiency decree is being sought and given an opportunity to be heard. In Coffrin v. Sayles, 128 Fla. 622, 175 So. 236 (1937), the court stated:
[3] ... a deficiency decree may be entered upon motion or other appropriate pleading filed after confirmation of sale, and notice given to defendant, giving defendant an opportunity to be heard and to contest the motion. Garner v. Slack, 112 Fla. 553, 150 So. 750. In other words, the jurisdiction of equity to grant a deficiency decree must be invoked, either by express prayer in the bill, or by subsequent appropriate pleading or motion, upon which the defendant must be given notice and an opportunity to be heard; and if neither is done, the equity court should not adjudicate the question of a deficiency, but leave the complainant free to sue therefor at law if he so desires.
Id. 175 So. at 238 [Emphasis in original].
See generally 37 Fla.Jur.2d, Mortgages and Deeds of Trust § 404 (1982).
To affirm this matter would be to require a plaintiff in a foreclosure action to obtain personal jurisdiction in the initial foreclosure action, even though it is not required, in order to be able to bring a deficiency proceeding if needed in the future. We are satisfied that the general rule regarding deficiency decrees has been followed herein, therefore, we hold that the trial court erred when it found the deficiency judgment was void for lack of personal jurisdiction over appellee. We reverse the order granting the motion to set aside the judgment brought pursuant to Rule 1.540, Florida Rules of Civil Procedure and remand this cause for further proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
ANSTEAD, LETTS and DELL, JJ., concur.