548 So.2d 282 (1989)
Charles E. TIMMERS and Wife, Judy A. Timmers, Appellants,
v.
HARBOR FEDERAL SAVINGS AND LOAN ASSOCIATION, a corporation Organized and Existing under the Laws of the United States of America, Appellee.
No. 89-900.
District Court of Appeal of Florida, First District.
September 1, 1989.
Jeffrey P. Whitton, Panama City, for appellants.
Robert E. Lee, Fort Walton Beach, for appellee.
MINER, Judge.
In this appeal from the trial court's non-final order denying their motion to strike service of a motion for deficiency judgment in a mortgage foreclosure proceeding, appellants (defendants below) urge that the trial judge erred in finding that service of appellee/bank's motion for deficiency judgment upon appellants' attorney was sufficient to confer personal jurisdiction over appellants. We affirm.
In July of 1988, appellee/bank instituted foreclosure proceedings against appellants. *283 Included in its prayer for relief was a request for a deficiency judgment in the event proceeds from the sale of the subject real property were insufficient to pay the bank's claims. Appellants were served by publication. They appeared through their attorney and filed an answer to the foreclosure complaint admitting all factual allegations.
On October 14, 1988, a hearing was held and a final order issued. This order established the amount of indebtedness and directed a public sale of the real property involved in the suit. Additionally, the trial judge retained jurisdiction to enter further orders including deficiency judgments. On November 14th the property was sold and a clerk's certificate of sale was issued.
On January 20, 1989, appellee/bank filed a motion for deficiency judgment seeking some $30,000. A copy of this motion was served on appellants' trial counsel who filed a motion to strike service of appellee/bank's motion asserting that he was only retained to represent appellants until entry of a final judgment of foreclosure and that he was not representing them in deficiency proceedings.
On March 2, 1989, after a hearing, the trial court denied appellants' motion to strike service of process without explanation. Appellants filed a notice of appeal on March 31. On May 1, 1989, appellants (who had apparently left the Destin area) were located and served in Las Vegas with copies of the appellee's motion for deficiency and a notice of hearing. The appellants, who, according to Mrs. Timmers had divorced in April, filed separate motions to dismiss on insufficiency of process and jurisdictional grounds.
In support of their position, appellants argue that an order of foreclosure constitutes a final order and, as such, a subsequent motion for deficiency must be treated as instituting a new proceeding. Appellee/bank contends that a motion for deficiency is merely a part of the foreclosure proceeding and does not necessitate a reassertion of personal jurisdiction through service of process. It asserts that such a motion can be served upon the attorney who represented the debtor in the foreclosure proceeding.
Despite the apparent finality of a judgment of foreclosure, especially after the sale and confirmation of sale of the property foreclosed upon, the law contemplates a continuance of the proceedings for entry of a deficiency judgment. Section 702.06, Florida Statutes (1987), the statutory section under which the appellee/bank asserted its motion for deficiency provides in pertinent part:
In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court, but the complainant shall also have the right to sue at common law to recover such deficiency... . .
The rationale of this provision has been described as being a means of avoiding the expense and inconvenience of an additional suit at law to obtain the balance of the obligation owed by a debtor. Waybright v. Turner, 129 Fla. 310, 176 So. 424, 427 (Fla. 1937) aff'd on rehearing, 131 Fla. 209, 179 So. 412. Thus, contrary to appellants' position, we hold that a motion for a deficiency judgment does not constitute a separate suit.
The jurisdictional requirement for entry of deficiency judgments is succinctly set forth in NCNB National Bank of Florida v. Pyramid Corp. 497 So.2d 1353 (Fla. 4th DCA 1986). Generally, a defendant is considered properly before the court on a motion to enter a deficiency judgment if he is given timely notice that a deficiency decree is being sought and given an opportunity to be heard.
We view the question presented herein as one of notice rather than jurisdiction. Indeed, appellants do not argue that they were without notice of the motion for deficiency. They were, in fact, informed of the appellee/bank's intent to seek a deficiency decree by the original foreclosure complaint and by the reservation of jurisdiction in the trial court's judgment of foreclosure. Here, the motion for a deficiency was part *284 and parcel to the foreclosure proceedings and appellants' foreclosure attorney was served with the motion. It follows, then, that it was not necessary for appellee to re-establish jurisdiction over appellants in order to obtain a deficiency judgment.
AFFIRMED.
BOOTH and JOANOS, JJ., concur.