ALTENBERND, Judge.
Sara C. Lewis appeals a final judgment of dissolution concerning her eleven-year marriage to Robert A. Poulson. She contests the awards of child support and rehabilitative alimony. She also complains of the trial court’s failure to grant temporary cost money for the services of a certified public accountant to assist in the evaluation of certain pension plans. While we recognize that the terms of this judgment may eventually need to be modified due to circumstances which were unresolved at the time of its entry, we affirm the judgment except for an unauthorized automatic increase in future child support.
This couple married in 1977. Both parties are intelligent and well-educated. The wife has a bachelor’s degree in graphic design from Ohio University, but has not worked outside the home since the birth of the couple’s first child in 1980. The husband earns an after-tax income in excess of $70,000, as vice-president of engineering in a business which is run by a small group of people, including members of the wife’s family. The couple now has a ten-year-old daughter and a four-year-old son.
The single biggest challenge for this couple is undoubtedly the severe retardation of *444 their daughter. The child sustained severe brain damage as a result of an illness several weeks after her birth. Until the time of the couple’s separation, the daughter lived in their home. She has the mental ability of a two-year-old, limited communication skills, and little or no ability to care for herself.
Shortly after the couple's separation, the daughter was placed in a foster home. At the time of the final hearing in this divorce, it was clear that the wife had a very strong desire to return the child to her home. It appears that the couple does not agree on whether the child and the family would be better served by her continued stay in foster care or by her return to the wife’s home.
At the final hearing, the trial court was not asked to determine whether the child should stay in foster care or return home. The parties presented limited testimony concerning the child, her present needs, and her future prognosis. The limited testimony suggests that the child could live for many years and may ultimately need placement in a permanent care facility for adults. Under these difficult circumstances we fault no one for the failure to address this central question at the time of the divorce hearing. From this record, it is clear that the trial court made its decision on the assumption that the daughter would remain in foster care.
The trial court awarded total child support of $500 per month. It also awarded rehabilitative alimony in the amount of $2000 per month for two years. When the two years’ rehabilitative alimony has been paid, the judgment provides for an automatic increase in child support to $1200 per month. The wife received the marital home and its accompanying mortgage. Finally, the final judgment awarded the wife one-half of the husband’s retirement benefits “to the date of filing of this action, whatever those may be and in whatever amounts.”
Although the award of child support is low, in light of the award of alimony, the wife’s financial affidavit, and the fact that the daughter was in state-sponsored foster care, we cannot say that it was an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). As the husband concedes, however, the automatic increase in child support is impermissible under the facts of this case. Kangas v. Kangas, 420 So.2d 115 (Fla. 2d DCA 1982). Accordingly, that portion of the final judgment is reversed.
Likewise, at this stage in the proceedings we cannot hold that the rehabilitative alimony is an abuse of discretion. If the daughter remains in foster care, there is every reason to believe that this healthy, well-educated, thirty-six-year-old woman will develop skills and obtain rewarding employment in the next two years. See Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983).
Ultimately, if the parties cannot reach an agreement concerning the care appropriate for their daughter, they will surely need the trial court’s help. A change in the care of this child may warrant a modification in the judgment.
Finally, we find no error in the trial court’s refusal to require temporary cost money for the services of a certified public accountant. No one disputes the decision to divide the retirement funds equally. At this point, the trial court has made no decision concerning the value of the retirement accounts as of the day the divorce action was filed. If these parties cannot agree on that amount, ultimately the trial court will need to resolve the dispute. If the wife requires expert assistance at that time, her financial needs will be different than they were immediately preceding the final hearing.
Affirmed in part, reversed in part.
LEHAN, A.C.J., and THREADGILL, J., concur.