ZEHMER, Judge.
Paul and Holly Carter appeal a deficiency judgment and an order taxing fees and costs, contending that the judgment and order are void because the trial court lacked personal jurisdiction over them. We hold that the judgment and order are void due to the trial court’s lack of personal jurisdiction over the Carters, and therefore reverse and remand with directions to vacate the deficiency judgment and the order taxing fees and costs.
Kingsley Bank filed a complaint against Paul and Holly Carter[1] alleging that they had defaulted under the terms of a promissory note and mortgage securing real property in Duval County. The complaint requested that the court direct the sale of the property to satisfy Kingsley Bank’s claim and enter a deficiency judgment for any debt still remaining. Kingsley Bank was unable to personally serve the initial summons and complaint on either Paul or Holly Carter, but did publish a notice of the action in a Jacksonville newspaper. Neither Paul nor Holly Carter responded to this constructive service of process, and Kings-ley Bank obtained defaults against them and a final judgment of foreclosure directing that the real property be sold. Kings-ley Bank bought the property at a public sale.
Subsequently, Kingsley Bank filed a motion in the mortgage foreclosure suit requesting the court to enter a deficiency judgment against Paul and Holly Carter. Kingsley Bank had the motion for deficiency judgment and notice of hearing served on Holly Carter, but no documents were served on Paul Carter. Paul Carter did, however, receive a copy of the motion for deficiency judgment by certified mail. Paul Carter responded to the motion by writing to the attorney for Kingsley Bank and advising him of a satisfaction of mortgage he had received from Florida National Bank showing that the mortgage deed he and Holly Carter had executed to Kingsley Bank was paid in full on May 5, 1988. He enclosed with the letter a copy of the satisfaction of mortgage. Kingsley Bank proceeded with the scheduled hearing on the motion for deficiency judgment. Holly Carter attended the hearing without counsel; Paul Carter did not attend, nor was he represented at the hearing. The court entered a deficiency final judgment in favor of Kingsley Bank and against the Carters.
Kingsley Bank thereafter initiated execution proceedings upon a 40-foot sailboat that Paul Carter maintained as his sole personal residence. After the Brevard County Sheriff executed on the vessel, and while the vessel was in transit to Jacksonville, Kingsley Bank moved for an order taxing additional costs and fees, wherein it sought to recover the costs and fees arising from the execution.[2] Kingsley Bank did not provide the Carters with a copy of this motion or notify them of the hearing, but nevertheless obtained from the court an order against them taxing an additional $9,835.49 in fees and costs.
Subsequently, Paul and Holly Carter filed notices of special appearance and motions to vacate the deficiency judgment and fee order on the ground that they were void for lack of personal jurisdiction. The trial court denied these motions, finding that NCNB v. Pyramid Corporation, 497 So.2d 1353 (Fla. 4th DCA 1986), and Timmers v. Harbor Federal Savings & Loan, 548 So.2d 282 (Fla. 1st DCA 1989), hold that entry of a deficiency judgment does not require that the court have personal jurisdiction over the defendants, but re *569 quires only notice and an opportunity to be heard. Paul and Holly Carter appeal the order denying their motions to vacate.
On appeal, the Carters first contend that the trial court misinterpreted the holdings of Pyramid and Timmers. We agree that neither Pyramid nor Timmers stands for the proposition declared by the court. In the first place, neither Pyramid nor Tim-mers directly addresses the issue of whether a trial court must have personal jurisdiction over a defendant to enter a deficiency judgment. In both of those eases, the trial court entering the deficiency judgment had obtained personal jurisdiction over the defendant by service of process. In Pyramid, while the trial court had only in rem jurisdiction at the foreclosure level of the proceeding, it acquired personal jurisdiction over the defendant prior to its entry of the deficiency judgment.[3] The question in that case was whether, since the final judgment of foreclosure was entered without personal jurisdiction over the defendant, the trial court could acquire personal jurisdiction later in the case for the purpose of entering a deficiency judgment. The fourth district answered that question in the affirmative. In Timmers, the trial court had acquired personal jurisdiction over the defendant at the foreclosure level of the proceeding, and the question was whether the plaintiff bank’s filing of a motion for deficiency judgment in the same proceeding after foreclosure required a reassertion of personal jurisdiction. This court held that the motion for deficiency judgment was not a separate suit and thus personal jurisdiction did not have to be reasserted.
Pennoyer v. Neff, 95 U.S. 714 (1878), established that a judgment entered in an in rem proceeding can have no effect beyond the property that is the subject of the suit, and this principle remains intact today. It follows, therefore, that the court must have personal jurisdiction over the defendants to enter a valid deficiency judgment. Cooper v. Atlantic Federal Savings & Loan, 249 Md. 228, 239 A.2d 89 (1968) (“In order that a deficiency decree be valid and binding the court must have in personam jurisdiction over the mortgagor.”). In Stewart v. Eaton, 287 Mich. 466, 283 N.W. 651 (Mich.1939), the court observed:
The basis of jurisdiction to foreclose a mortgage in equity and to make a valid decree of foreclosure by sale of the real estate, and thus affect the title to the land without personal service upon the defendant, depends upon the same governing principle which upholds foreclosure by advertisement without personal service — that is, upon the inherent authority of the State over all real estate within its borders. Such real estate may be bound, but no deficiency judgment can be recovered where there has been foreclosure by advertisement except after suit brought against the defendant and personal service had upon him within the jurisdiction of the court or by his personal appearance in such suit where he is given an opportunity to be heard and defend.
(Emphasis added). 283 N.W. at 657. Matz v. O’Connell, 155 So.2d 705 (Fla. 2d DCA 1963), held that the lawful force and effect of mortgage foreclosure proceedings in which the court has only in rem jurisdiction over the defendants is limited to the mortgaged property; such proceedings have no binding force and effect against the defendants personally.
The Carters next argue that the court did not have personal jurisdiction over them. Kingsley Bank did not even attempt to answer this argument with regard to Paul Carter. The undisputed facts show that he was never served with process and a copy of the complaint and did not appear at any hearing or file any paper with the court. The deficiency judgment is manifestly void as to him.
*570 With regard to Holly Carter, Kingsley Bank argues that, although she was not served with a summons and copy of the initial pleading, she waived any challenge to the court’s jurisdiction over her person by appearing at the hearing on the motion for deficiency judgment. A defendant may waive service of process by taking such action as is consistent only with the hypothesis that the court has jurisdiction over her person. Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961). Here, however, Holly Carter did not take such action. She appeared at the hearing of which she was notified, but she was not represented by counsel and did not file any pleading or other document from which it could be inferred that she was submitting to the jurisdiction of the court. In fact, Ms. Carter asserts that she did not even speak at the hearing. Kingsley Bank does not dispute this assertion, as it did not have the hearing transcribed for this appeal. We hold that Holly Carter’s mere presence at the hearing in this case did not constitute a waiver of her right to object to personal jurisdiction. Thus, the deficiency judgment is likewise void as to her.
Finally, the Carters argue that the order taxing costs and fees is also void, as it was entered not only without personal jurisdiction but without any notice of hearing whatsoever. Kingsley Bank conceded on appeal that the Carters did not receive a copy of the motion underlying this order nor notice of any hearing on such motion. Because the court lacked personal jurisdiction to enter such order and because the Carters were not notified that such motion was before the court, the order taxing fees and costs is also reversed.
REVERSED.
ERVIN and BARFIELD, JJ., concur.

. Paul and Holly Carter were divorced during the time of these proceedings.

. The parties disagree as to whether this motion was ore terms or whether a written motion was filed with the court.

. The opinion states that at the time the bank filed the motion for deficiency judgment, it also had the defendant personally served with an alias summons, a copy of the motion for deficiency judgment, and a copy of the original complaint for foreclosure. The defendant answered the complaint and attended the hearing on the motion for deficiency judgment. 497 So.2d at 1354.