842 So.2d 182 (2003)
Salvatore F. ARGENTO, Appellant,
v.
Cynthia N. ARGENTO, Appellee.
No. 2D01-4160.
District Court of Appeal of Florida, Second District.
March 12, 2003.
Rehearing Denied April 15, 2003.
*183 Wesley Pardue of Knox & Givens, P.A., Tampa, for Appellant.
Catherine W. Real of Catherine W. Real, P.A., Tampa, for Appellee.
SALCINES, Judge.
Salvatore Argento appeals the final judgment of dissolution of marriage entered by the trial court. He raises four issues: (1) whether the trial court abused its discretion when it awarded rehabilitative and permanent alimony to Cynthia Argento, the former wife; (2) whether the trial court erred in its equitable distribution scheme; (3) whether the trial court abused its discretion in the award of child support; and (4) whether the trial court erred when it awarded attorney's fees and costs to the former wife. We affirm, without further discussion, the equitable distribution made by the trial court and the awards of rehabilitative and permanent alimony. As for the remaining issues, we affirm in part and reverse in part the child support award and decline to review the issue of the former wife's entitlement to a contribution toward her attorney's fees and costs.
The parties to this appeal were married in 1989 and have two children who were born in 1993 and 1995. Regarding child support, in the final judgment of dissolution of marriage the trial court specifically noted that the former husband would be making rehabilitative alimony payments for thirty-six months and provided that "[a]t the end of the rehabilitative alimony period" the child support obligation of the former husband was to increase by $291.22 per month.
The trial court did not specifically articulate any reason for the increase in child support other than the fact that the payment of rehabilitative alimony would end. The automatic increase in child support under these facts was erroneous. See Lewis v. Poulson, 573 So.2d 443, 444 (Fla. 2d DCA 1991). The award of the automatic increase in child support is reversed.
The former husband also complains about the manner in which the trial court calculated the child support. We hold that there was no abuse of discretion by the trial court in its calculations and affirm the child support award in all respects except as to the automatic increase discussed above.
Concerning the trial court's ruling on the former wife's request for attorney's fees, we note that the trial court made the finding that the former wife had the need and the former husband had the ability to contribute to her attorney's fees and costs. The order concluded, "This court reserves jurisdiction to enter such orders as are required to ensure a contribution by the Husband to the Wife's reasonable attorney's fees, court cost and suit monies." This ruling merely established the former wife's entitlement to fees; it did not set the amount of the fees and costs. This *184 portion of the judgment is nonfinal and nonappealable. See Ritter v. Ritter, 690 So.2d 1372, 1376-77 (Fla. 2d DCA 1997). We lack jurisdiction to review the issue of entitlement and, accordingly, deny review of this point on appeal.
Accordingly, the final judgment of dissolution is reversed as to the award of the automatic increase in child support; review of the former wife's entitlement to attorney's fees and costs is denied; and in all other respects the final judgment is affirmed.
Affirmed in part, reversed in part, and review denied in part.
FULMER and STRINGER, JJ., Concur.