993 So.2d 1162 (2008)
Michael HITT; MJD Group, Inc.; MJD Properties, LLC; MJD Enterprises, LLC; MJD Group, LLC; and Hitt Holdings 1, LLC, Appellants,
v.
HOMES & LAND BROKERS, INC., Appellee.
No. 2D08-223.
District Court of Appeal of Florida, Second District.
November 7, 2008.
*1164 Gene D. Lipscher of Gene D. Lipscher, P.A., Jupiter, for Appellants.
Patricia J. Potter of Siesky, Pilon, Wood & Potter, Naples, for Appellee.
FULMER, Judge.
Defendant-appellant Michael Hitt and his several companies ("Hitt") appeal from a nonfinal order denying their motion to dismiss a complaint filed by plaintiff-appellee Homes & Land Brokers, Inc. ("Homes & Land").[1] We dismiss in part, affirm in part, and reverse in part.
Homes & Land and Hitt entered into a real estate listing agreement under which Homes & Land agreed to find buyers for Hitt's numerous pieces of real property in Lee and Collier Counties. In its complaint, filed in the circuit court in Collier County, Homes & Land alleged that it had brought to Hitt willing buyers for at least two of the properties but that Hitt, after orally agreeing to sign contracts, ultimately refused to do so. Homes & Land demanded commissions under the listing agreement, but Hitt failed to pay them. Consequently, Homes & Land recorded notices of lien on Hitt's properties in Lee and Collier Counties. Homes & Land filed a two-count complaint against Hitt. Count I was an action to foreclose the real estate broker's liens or, in the alternative, to recover a judgment for the sums claimed. Count II was a claim for money damages for breach of contract.
Homes & Land filed with the circuit court an Affidavit for Service by Publication, averring that it was unable to effect personal service on Hitt or his companies, that there was no registered agent to receive process, and that Hitt was likely concealing himself. Hitt filed a motion to dismiss Homes & Land's complaint, arguing that the Collier County Circuit Court had no subject matter jurisdiction over the properties in Lee County, that the attempted service of process by publication was insufficient for lack of a diligent search, and that the court had no personal jurisdiction over Hitt because neither personal nor substitute service was ever effected and constructive service does not confer personal jurisdiction. A hearing was held on both Hitt's motion to dismiss as well as a motion for summary judgment filed by Homes & Land to foreclose one piece of property located in Collier County. The trial court denied both motions.
As for subject matter jurisdiction, Hitt argues that under the "local action rule," the Collier County Circuit Court lacked subject matter jurisdiction over *1165 Homes & Land's lien foreclosure actions relative to Hitt's properties in Lee County.[2] We are without jurisdiction to review this issue. Florida Rule of Appellate Procedure 9.130(a)(3) lists the categories of nonfinal orders that may be appealed. Subject matter jurisdiction is not one of the categories. See Fiocchi v. Trainello, 566 So.2d 904, 904 (Fla. 4th DCA 1990) ("[A]n appeal of an order [on a motion to dismiss] denying subject matter jurisdiction does not come within the purview of rule 9.130(a)(3)(C)(i) and is a nonfinal nonappealable order."). Furthermore, the list of appealable nonfinal orders in the rule is intended to be exhaustive. Jenne v. Maranto, 825 So.2d 409, 413 (Fla. 4th DCA 2002) ("The enumerated categories of permissible nonfinal review stated in rule 9.130 must be limited to their plain meaning. The rule does not authorize judges to enlarge its provisions to permit review of nonfinal orders not specified within its provisions." (citations omitted)); see also Argento v. Argento, 842 So.2d 182, 183-84 (Fla. 2d DCA 2003) (denying review of a portion of the judgment that was nonfinal and nonappealable). Because rule 9.130(a)(3) does not authorize the appeal of a nonfinal order on the issue of subject matter jurisdiction, the appeal as to this issue is dismissed.[3]
In contrast to subject matter jurisdiction, a nonfinal order that determines jurisdiction over the person is appealable. Fla. R.App. P. 9.130(a)(3)(C)(i). Subsumed under the general rubric of personal jurisdiction are the issues of process and service, which are Hitt's concerns here. See Fisher v. Int'l Longshoremen's Ass'n, 827 So.2d 1096, 1097 (Fla. 1st DCA 2002) ("`The term "jurisdiction of the person" refers to service of process or to the applicability of the long arm statute to nonresidents.' " (quoting Warren v. Se. Leisure Sys., Inc., 522 So.2d 979, 980 (Fla. 1st DCA 1988))). Therefore, we have jurisdiction to review the trial court's order to the extent that it concerns whether Homes & Land's service by publication on Hitt gave the court personal jurisdiction over Hitt. We review de novo a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002).
Hitt first challenges the sufficiency of the service of process by publication on the ground that Homes & Land failed to conduct a diligent search.
If constructive service is challenged on the ground that the plaintiff failed to conduct a diligent search, the trial court must determine whether the plaintiff "reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant."
Wolfe v. Stevens, 965 So.2d 1257, 1259 (Fla. 2d DCA 2007) (quoting McDaniel v. *1166 McElvy, 91 Fla. 770, 108 So. 820, 831 (1926)). In its denial of the motion to dismiss, the trial court made no specific findings regarding Hitt's challenge to the affidavit for service by publication filed by Homes & Land. A review of the transcript of the hearing reveals that the only source of factual information presented to the trial court on this issue was the unsworn statements of the parties' counsel, which included a reference by Hitt's counsel to a letter sent to Homes & Land's counsel putting her on notice that Hitt had retained counsel to represent him. Unsworn statements of counsel do not establish facts. See Leon Shaffer Golnick Adver., Inc. v. Cedar, 423 So.2d 1015, 1017 (Fla. 4th DCA 1982). And, just as a trial court cannot rely upon such statements as the basis for making factual determinations, this court will not consider such statements as a factual basis to support a reversal. Because the record contains no support for Hitt's challenge to the sufficiency of the service by publication, we affirm the trial court's denial of the motion to dismiss insofar as it is directed to the count I foreclosure actions against the Collier County properties.
Hitt next argues that because constructive service does not confer personal jurisdiction, the trial court erred by failing to dismiss the claim for money damages in count II. We agree. "If constructive service must be used, then it confers only in rem or quasi in rem jurisdiction upon the court. A personal judgment against a defendant based upon constructive service of process would deprive a defendant of his property without due process of law." Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986); see also Honegger v. Coastal Fertilizer & Supply, Inc., 712 So.2d 1161, 1162 (Fla. 2d DCA 1998) ("A personal money judgment necessitates in personam jurisdiction over the defendant."). As such, we reverse the trial court's denial of Hitt's motion to dismiss as to count II of the complaint, in which Homes & Land requested money damages on a breach-of-contract theory.[4]
In sum, we dismiss the appeal as it pertains to the trial court's subject matter jurisdiction over the Lee County properties, we affirm the denial of the motion to dismiss as to the foreclosure action in count I against the Collier County properties, and we reverse the denial of the motion to dismiss count II and remand for further proceedings.
Dismissed in part, affirmed in part, reversed in part, and remanded.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] Homes & Land did not file an answer brief.
[2] See, e.g., Bauman v. Rayburn, 878 So.2d 1273, 1274 (Fla. 5th DCA 2004) (noting that, under the local action rule, "an action directly related to the legal status of real property, such as an action to quiet title or to foreclose a mortgage or lien, must be brought in the circuit wherein the property is located").
[3] We note that through argument of counsel, the trial court learned that Homes & Land was not pursuing foreclosure of any liens on the Lee County properties because the properties had been "lost" after Hitt failed to make payments. Tax deeds had been or were about to be issued. It appears from the trial court's comments that the trial court may have considered this information to render moot the issue regarding subject matter jurisdiction over the Lee County properties and, therefore, did not intend its denial of the motion to dismiss to constitute a ruling on that issue.
[4] Although count I states a cause of action for lien foreclosure, to the extent that a money judgment is sought as an alternative remedy, such remedy is likewise precluded by the failure of constructive service to confer personal jurisdiction.