MORRIS, Judge.
 

 L.A.D. Property Ventures, Inc. (L.A.D.) and Leonard A. Dent appeal a nonfinal order denying their motions to dismiss First Bank’s motion for deficiency judgment filed in an underlying foreclosure proceeding. We affirm in part and dismiss in part.
 

 First Bank filed a complaint to foreclose a mortgage and a mortgage spreader agreement on two pieces of real property owned by L.A.D. The complaint also sought damages against L.A.D. on the promissory note and damages against Dent as the guarantor of the promissory note. The trial court entered a final summary judgment of foreclosure. After both properties were sold, First Bank filed a motion for deficiency judgment in the foreclosure proceeding. The appellants filed motions to dismiss the motion for deficiency judgment, arguing that the trial court did not have personal jurisdiction over Dent and that the trial court did not have subject matter jurisdiction to enter a deficiency judgment in the foreclosure proceeding. After a hearing, the trial court denied the appellants’ motions to dismiss.
 

 On appeal, the appellants first argue that the trial court did not retain personal jurisdiction over Dent for purposes of a deficiency judgment. They also contend that the trial court did not have subject matter jurisdiction over First Bank’s motion for deficiency judgment because the final judgment of foreclosure did not specifically reserve jurisdiction to enter a deficiency judgment.
 

 “A deficiency decree is one for the balance of the indebtedness after applying the proceeds of a sale of the mortgaged property to such indebtedness.”
 
 Commercial Bank of Ocala v. First Nat’l Bank of Gainesville,
 
 80 Fla. 685, 87 So. 315, 316 (1920). A judgment of foreclosure is a final order,
 
 see Carlson v. Jeflis Prop. Mgmt. Corp.,
 
 904 So.2d 642, 645-46 (Fla. 2d DCA 2005), but “the law contemplates a continuance of the proceedings for entry of a deficiency judgment” as a “means of avoiding the expense and inconvenience of an additional suit at law to obtain the balance of the obligation owed by a debt- or,”
 
 Timmers v. Harbor Fed. Sav. & Loan Ass’n,
 
 548 So.2d 282, 283 (Fla. 1st DCA 1989) (citing section 702.06, Florida Statutes (1987) and
 
 Waybright v. Turner,
 
 129 Fla. 310, 176 So. 424, 427 (1937)).
 

 The portion of the nonfinal order that determines personal jurisdiction is appeal-able.
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(i). The facts in this case are similar to those in
 
 Timmers,
 
 548 So.2d at 282. In
 
 Timmers,
 
 the appellants (the defendants below) claimed that the service of the motion for deficiency judgment filed after final judgment of foreclosure was insufficient to confer personal jurisdiction over the appellants for purposes of the motion for deficiency judgment.
 
 Id.
 
 at 283. The appellants were served with the complaint for foreclosure, which put them
 
 on
 
 notice of the bank’s intent to seek a deficiency decree. In addition, the trial court reserved jurisdiction in the final judgment of foreclosure “to enter further orders including deficiency judgments.”
 
 Id.
 
 The First District “view[ed] the question ... as one of notice rather than jurisdiction.”
 
 Id.
 
 The court held that because the motion for deficiency was “part and parcel to the foreclosure proceedings” and because the “appellants’ foreclosure attorney was served with the motion” for deficiency, “it was not necessary for [the] appellee to reestablish jurisdiction over [the] appellants in order to obtain a deficiency judgment.”
 
 Id.
 
 at 283-84.
 

 
 *1128
 
 The appellants were served with the foreclosure complaint, which specifically stated that First Bank was seeking “the entry of a deficiency decree, when and if such deficiency decree shall appear proper.” Dent never objected on the basis of personal jurisdiction and, in fact, waived that issue by filing an answer.
 
 See Romellotti v. Hanover Amgro Ins. Co.,
 
 652 So.2d 414, 414 (Fla. 5th DCA 1995) (“It is well established that a defendant’s failure to raise the affirmative defense of lack of in personam jurisdiction by a responsive pleading or by appropriate motion results in a waiver of that defense.” (citing Fla. R. Civ. P. 1.140(b) & (h))). In addition, the trial court reserved jurisdiction in its order of final summary judgment of foreclosure “for the purpose of ... granting such other and further relief as may be appropriate.” L.A.D. and Dent were then served with the motion for deficiency. Because the motion for deficiency was a continuance of the foreclosure proceedings and the trial court had personal jurisdiction over Dent by way of the foreclosure complaint, it was unnecessary to reestablish personal jurisdiction over Dent.
 
 See Timmers,
 
 548 So.2d at 283-84;
 
 see also Estepa v. Jordan,
 
 678 So.2d 876, 878 (Fla. 5th DCA 1996) (holding that new service of process on foreclosure defendant was not required for purposes of deficiency judgment where defendant’s attorney received notice of the motion for deficiency judgment and the hearing on the motion, the complaint sought a deficiency judgment, and the final judgment of foreclosure reserved jurisdiction to enter a deficiency judgment);
 
 Flagship Bank of Orlando v. Bryan,
 
 384 So.2d 1323, 1324 n. 3 (Fla. 5th DCA 1980) (noting that bank could obtain deficiency judgment against guarantor as well as debtor). Therefore, we affirm the portion of the order on appeal that determines personal jurisdiction.
 

 As to the issue of whether the trial court had subject matter jurisdiction over First Bank’s motion for deficiency judgment, this court does not have jurisdiction over the issue in this appeal. “Subject matter jurisdiction is not one of the categories” of nonfinal orders that may be appealed under rule 9.130(a)(3).
 
 Hitt v. Homes & Land Brokers, Inc.,
 
 993 So.2d 1162, 1165 (Fla. 2d DCA 2008).
 

 In
 
 Hitt,
 
 993 So.2d at 1164, the appellants appealed an order denying their motion to dismiss for lack of both subject matter and personal jurisdiction. Because the issue of subject matter jurisdiction was not one that could be reviewed on appeal of a nonfinal order, this court dismissed the appeal as to that issue but considered the appeal on the issue of personal jurisdiction.
 
 Id.
 
 at 1165. As in
 
 Hitt,
 
 we dismiss this appeal as to the issue of subject matter jurisdiction.
 

 Affirmed in part; dismissed in part.
 

 SILBERMAN and CRENSHAW, JJ., concur.