Damoorgian, J.
Appellant, Dyck-O’Neal, Inc. (“DONI”), filed suit to recover a deficiency judgment against Trevor Meikle. The trial court granted final summary judgment in Mei-kle’s favor. DONI appeals the summary judgment. We reverse.
DONI made the following allegations in its complaint, which was personally served on Meikle. Meikle owned a residence that was subject to a mortgage. After Meikle defaulted on his mortgage, the holder of *605 the note and mortgage sued and obtained a final judgment of foreclosure. The judgment contained the following language:
Jurisdiction of this action is retained to enter further orders as are proper including without limitation, deficiency-judgments, except where discharge is applicable or where service of process was not personally obtained.
The residence was sold at a judicial sale. The proceeds of the sale were insufficient to satisfy the amount of the judgment. Thereafter, DONI obtained the right to pursue the deficiency against Meikle by assignment of the final judgment.
After filing an answer to DONI’s complaint, Meikle filed a motion for summary judgment in which he argued that based on the language of the foreclosure judgment, the court lacked jurisdiction to enter a deficiency judgment against him because he was served with the original foreclosure complaint by publication. In a tersely worded order, the trial judge granted Mei-kle’s motion, ruling:
The underlying foreclosure judgment was obtained after service through publication. Plaintiff seeks to use that judgment to obtain a money deficiency judgment pursuant to Florida Statute 702.06 which is both vague and a violation of due process.
The court’s ruling was incorrect on all accounts. First, the fact that Meikle was served by publication in the foreclosure action did not prevent the court from acquiring personal jurisdiction via personal service over Meikle in DONI’s deficiency action. On this issue, our opinion in NCNB National Bank of Florida v. Pyramid Corp., 497 So.2d 1353, 1354 (Fla. 4th DCA 1986) is directly on point. There, a mortgagee brought a foreclosure lawsuit against a borrower, but was unable to personally serve the borrower. Id. Instead, the mortgagee acquired in rem jurisdiction via service by publication. Id. Ultimately, the mortgagee obtained a final judgment of foreclosure. Id.
Thereafter, the mortgagee filed a separate lawsuit seeking a deficiency judgment against the borrower. Id. This time, the mortgagee personally served the borrower. Id. After initially entering a deficiency judgment in the mortgagee’s favor, the trial court set aside the judgment as void based on its finding that it lacked personal jurisdiction over the borrower since he was not personally served in the underlying foreclosure action. Id. We reversed, holding that the deficiency court had personal jurisdiction over the borrower by virtue of the fact that the borrower was personally served in the deficiency action. Id. at 1355. Likewise, the court here had personal jurisdiction over Meikle.
Second, the court also incorrectly found that section 702.06 was unenforceable because it was “vague and a violation of due process.” Section 702.06 provides in pertinent part:
In all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court; however, in the case of an owner-occupied residential property, the amount of the deficiency may not exceed the difference between the judgment amount, or in the case of a short sale, the outstanding debt, and the fair market value of the property on the date of sale. ... The complainant shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.
§ 702.06, Fla. Stat. (2014) (emphasis added).
*606 We have recently held that section 702.06 is “unambiguous” and permits a separate suit to recover a deficiency where the foreclosure court did not grant or deny a claim for a deficiency judgment. Cheng v. Dyck-O’Neal, Inc., 199 So.3d 932, 932 (Fla. 4th DCA 2016). See also Dyck-O’Neal, Inc. v. McKenna, 198 So.3d 1038, 1039 (Fla. 4th DCA 2016). Accordingly, the court erred in finding to the contrary.

Reversed and remanded.

May and Conner, JJ., concur.