LINDSEY, J.
Respondent/Mother Alisa Vartumyan appeals the trial court's Supplemental Final Judgment Modifying Parenting Plan and Other Relief (the "supplemental final judgment") entered after an evidentiary hearing by the trial court. In our review of the record, we find no abuse of discretion by the trial court in entering the supplemental final judgment because it is supported by competent substantial evidence. See Sordo v. Camblin, 130 So.3d 743, 744 (Fla. 3d DCA 2014) (affirming a trial court's order modifying a timesharing plan where "the evidence was competent and substantial that there has been a substantial change in circumstances and that the modification is in the best interests of the parties' three children.").
However, this Court lacks jurisdiction to review that portion of Vartumyan's appeal contained in paragraph 7 of the supplemental final judgment in which the trial court orders that "[c]hild support shall be set in accordance with the Guidelines" and "reserves jurisdiction to determine the amount, the retroactive period, if any, and the life insurance to secure support." See Garcia v. Valladares, 99 So.3d 518 (Fla. 3d DCA 2011) (dismissing appeal for lack of jurisdiction where order appealed determined entitlement to costs and attorney's fees but reserved jurisdiction to determine the amount at a future hearing); see also Argento v. Argento, 842 So.2d 182, 184 (Fla. 2d DCA 2003) (declining to review portion of a former wife's appeal from a final judgment of dissolution of marriage *1162 where the trial court determined entitlement to attorney's fees and costs but reserved jurisdiction to set the amount).
Affirmed in part; dismissed in part.