DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDMUND ACCARDI,**
Appellant,

v.

**REGIONS BANK, et al.,**
Appellee.

No. 4D20-0662

[December 9, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. CACE 11-015830(11).

Mark F. Booth of Rogers, Morris & Ziegler LLP, Ft. Lauderdale, for appellant.

Starlett M. Massey and Jonathan B. Lewis of Massey Law Group, P.A., St. Petersburg, for appellee.

GROSS, J.

Does the one-year statute of limitations specified in section 95.11(5)(h), Florida Statutes (2018), apply to a motion for a deficiency judgment brought within an existing mortgage foreclosure action? We hold that such a motion for deficiency judgment is an "action to enforce a claim of a deficiency" to which the one-year statute of limitations applies.

**Facts**

In August 2015, the circuit court entered a final judgment of foreclosure in favor of Regions Bank against Edmund Accardi's interest in real property, specifying the outstanding indebtedness to be $2,632,518.93. The final judgment retained jurisdiction to enter a deficiency judgment, as well as other matters. Accardi appealed the final judgment to this court.

While the appeal was pending, the clerk of the circuit court issued a certificate of sale on December 3, 2015, showing that the bank acquired

-1-

the property via public sale with a bid of $300. In April 2016, the clerk of court issued a certificate of title naming the bank as the title holder.

We affirmed the final judgment in *Accardi v. Regions Bank, et al.*, 201 So. 3d 743 (Fla. 4th DCA 2016).

The bank sold the subject property on February 21, 2017. In September 2018, the circuit court granted the bank's motion to tax attorney's fees.

On March 12, 2019, the bank moved for the entry of a deficiency judgment, which included both the sale deficiency and the attorney's fees.

In September 2019, the trial court conducted a hearing on the bank's motion for deficiency. The court rejected Accardi's contention that the bank's motion was barred by section 95.11(5)(h), Florida Statutes (2018), which governs the statute of limitations for an "action to enforce a claim of a deficiency."

The trial court held a final hearing on the motion for deficiency judgment in February 2020. The court reaffirmed its prior ruling that the section 95.11(5)(h) statute of limitations did not bar the bank's claim.

The court determined that the fair market value of the subject property on the date of the foreclosure sale was $2,100,000.00. The court deducted the fair market value from the total indebtedness owed to the bank, added $25,800 in attorney's fees, and entered a final judgment in favor of the bank in the amount of $558,318.93.

## Analysis

**The bank's motion for deficiency was barred by a Chapter 95 statute of limitations because that motion constituted an "action to enforce a claim of a deficiency" within the meaning of section 95.11(5)(h), Florida Statutes.**

Section 702.06, Florida Statutes (2020), allows a mortgagee to obtain a deficiency decree within a mortgage foreclosure action or through a separate lawsuit at common law. *See* § 702.06, Fla. Stat. (2020) (observing that a foreclosing mortgagee "shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment"); *Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA*, 89 So. 3d 923, 931 (Fla. 4th DCA 2012) (noting that "[s]ection 702.06 binds a plaintiff to a deficiency decree once the

2

plaintiff sets the deficiency process in motion," but that the statute expressly provides the complainant the right to sue at common law to recover such deficiency, except in one limited circumstance).

Here, the bank obtained a deficiency decree by way of a motion within the existing mortgage foreclosure action. This case involves the application of the statute of limitations contained at section 95.11(5)(h), Florida Statutes (2018), which provides:

> Actions other than for recovery of real property shall be commenced as follows:
>
> . . .
>
> (5) Within one year.—
>
> . . .
>
> (h) An action to enforce a claim of a deficiency related to a note secured by a mortgage against a residential property that is a one-family to four-family dwelling unit. The limitations period shall commence on the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure.

Because subsection (5)(h) applies to "an action to enforce a claim of a deficiency," it is essential to focus on how Chapter 95 defines an "action." Section 95.011, Florida Statutes (2018), provides, in pertinent part:

> **A civil action or proceeding, called "action" in this chapter** . . . shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.

(emphasis supplied).

If a motion for deficiency within an existing mortgage foreclosure lawsuit amounts to a "civil action or proceeding" within the meaning of section 95.011, then the one-year statute of limitations in section 95.11(5)(h) would apply in this case.

"When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules

3

of statutory construction to ascertain intent." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). "In such instance, the statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." *Id.*

In *Salinas v. Ramsey*, 234 So. 3d 569 (Fla. 2018), the Florida Supreme Court closely examined the meaning of the phrase "civil action or proceeding" in section 95.011. There, the court confronted a question posed by the Eleventh Circuit Court of Appeals concerning the deadline for completing post-judgment discovery in aid of collecting on a federal money judgment. *Id.* at 570–71. The court held that post-judgment discovery was permitted for a period of 20 years after a judgment was entered. *Id.* at 570.

To reach that holding, the court rejected the notion that post-judgment discovery amounted to an "action on a judgment" under section 95.11(2)(a). *Id.* at 571–72; *accord Burshan v. Nat'l Union Fire Ins. Co.*, 805 So. 2d 835 (Fla. 4th DCA 2001).

Next, the court addressed the claim, similar to the one in this case, that the post-judgment discovery qualified as a "civil action or proceeding" under section 95.011, enacted in 1974. *Salinas*, 234 So. 3d at 572–73. After quoting several definitions of "civil action" and "action," *Salinas* concluded:

> These definitions and explanations establish that a "civil action" is a process that is intended to result in a judgment or decree and, after the merging of "action" and "suit," may include execution as part of the original "action." In fact, this Court's precedent confirms that execution has long been considered a continuation of the action in which the judgment was obtained and is "a remedy, not an action."

*Id.* at 573.

As the Florida Supreme Court observed, this definition of a "civil action" is consistent with a long line of authority that post-judgment collection mechanisms are extensions of the original cause of action. *See Burshan*, 805 So. 2d at 843 (collecting cases).

*Salinas* then turned to the definition of "proceeding" in section 95.011, recognizing that it was *broader* than the definition of a "civil action":

4

The definitions for "proceeding," the other expression of "action" under section 95.011, are broader:

> 1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing. 5. Bankruptcy. A particular dispute or matter arising within a pending case— as opposed to the case as a whole.

> Proceeding, Black's Law Dictionary (10th ed. 2014). An explanatory quotation states that "proceeding" is a "more comprehensive" word than "action" and may cover a number of concepts, including but not limited to "all ancillary or provisional steps, such as ... garnishment," "the execution," "proceedings supplementary to execution," or "the enforcement of the judgment." *Id.* (quoting Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3–4 (2d ed. 1899) ). In *Raymond James Financial Services, Inc. v. Phillips*, 126 So. 3d 186 (Fla. 2013), when determining whether arbitration is an "action" under section 95.11, this Court found that the most relevant definition of "proceeding" is "[a]ny procedural means for seeking redress from a tribunal or agency." *Id.* at 190 (quoting Black's Law Dictionary 1324 (9th ed. 2009) ). "[R]edress" is "[r]elief" or a "remedy," such as money damages. Redress, Black's Law Dictionary (10th ed. 2014).

234 So. 3d at 573.

The Florida Supreme Court faced a significant interpretive problem in *Salinas*. If a post-judgment collection mechanism amounted to a section 95.011 "proceeding," then the statute of limitations for the underlying claim would apply. For example, in a legal action founded on a written contract that went to judgment, a post-judgment garnishment would have to be completed within the five-year statute of limitations period. *See* § 95.11(2)(b), Fla. Stat. (2018).

To avoid the imposition of a requirement that lawsuits would have to begin and end within the limitations period, *Salinas* declined to apply a broad definition of "proceeding" to discovery in aid of execution:

> While "proceeding" can include any step in the process of obtaining redress, even a single hearing, this understanding of "proceeding" does not fit the context in which the word "proceeding" is used in section 95.011. Section 95.011 explains that a civil action or proceeding must be "begun within the time prescribed" in chapter 95. **If "proceeding" in this context meant any step of a lawsuit, as the judgment debtor seems to suggest, then the statute would require any lawsuit to both begin and end within the limitations period, as the final hearing or trial would be barred if it occurred after the end of the limitations period, even if the action began many years earlier**. The Legislature, however, did not say that any civil action must "begin and end" within the limitations period or that any discrete proceeding within a lawsuit must occur within the limitations period. The Legislature chose the word "begun," signifying that its concern was with the initiation of a new and independent procedural means for obtaining a judgment or seeking redress.

234 So. 3d at 573 (emphasis supplied).

*Salinas* reaffirms the general rule that post-judgment collection efforts such as discovery, execution, garnishment, or proceedings supplementary are neither "civil actions" nor "proceedings" within the meaning of section 95.011. Rather, such collection vehicles are efforts to "effectuate" a judgment lien already in existence, so the law views them as an extension of the main case. *Burshan*, 805 So. 2d at 842–43 (quoting *B. A. Lott, Inc. v. Padgett*, 14 So. 2d 667, 669 (Fla. 1943)).

This case departs from the general rule because the Legislature has spoken through the enactment of section 95.11(5)(h). That statute clearly establishes a limitation period ***within*** an existing foreclosure action—one year from "the day after the certificate is issued by the clerk of court or the day after the mortgagee accepts a deed in lieu of foreclosure."[1] The reason

---

[1] The statute's reference to "the certificate" is less than precise. Although this case does not turn on the identity of the certificate, we suspect it refers to the certificate of title, which would parallel the legal effect of a "deed in lieu of foreclosure."

that the supreme court did not apply the broad definition of "proceeding" in *Salinas*—to avoid the requirement that a lawsuit, including post-judgment collection proceedings, begin and end within the limitations period of the main claim—is inapplicable here because the deficiency "proceeding" has its own, specified limitation period independent of the five-year limitation period in an action to foreclose a mortgage. *See* § 95.11(2)(c), Fla. Stat. (2018).

Also, the addition of section 95.11(5)(h) was part of a statute making a comprehensive legislative overhaul of foreclosures. *See* Laws of Florida 2013, c. 2013–137, § 1. Supporting the plain reading of the statute is the fact that limiting the new statute of limitations to only separate civil actions for deficiency makes little sense because such actions are few; the vast majority of deficiencies occur within an existing foreclosure. Reading the amendments as a whole, it is apparent that the Legislature did not intend to exclude motions for foreclosure from the impact of the statutory change to foreclosure procedure. The amendment to section 702.06 recognizes that motions for deficiency are the typical mechanism for recovery of a deficiency. That amendment stated, "The complainant shall also have the right to sue at common law to recover such deficiency, ***unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment***." Laws of Florida 2013, c. 2013–137, § 5. (Additions to statute emphasized). To decide this case differently would effectively gut the application of the statute that applied a one-year limitation to all foreclosure deficiency "civil actions or proceedings."

For these reasons, the bank's motion for deficiency fell within the broad definition of a section 95.011 "proceeding" that our supreme court identified in *Salinas*, making it an "action to enforce a claim of a deficiency" under section 95.11(5)(h), so that the one-year statute of limitations applies.

The clerk of the circuit court issued a certificate of title in April 2016. The bank did not move for the entry of a deficiency judgment until 2019, well beyond the one-year statute of limitations.

We distinguish *L.A.D. Property Ventures, Inc. v. First Bank*, 19 So. 3d 1126 (Fla. 2d DCA 2009), a case cited by the bank. That case involved primarily a question of personal jurisdiction over judgment debtors. Considering that issue, the court stated that a motion for deficiency "was a continuance of the foreclosure proceedings." *Id.* at 1128. *L.A.D. Property Ventures* was decided in 2009, prior to the 2013 enactment of section 95.11(5)(h), so the court did not have occasion to consider the statute's application to a motion for deficiency.

For these reasons, we reverse the final judgment awarding a deficiency and remand to the circuit court to enter an amended final judgment for attorney's fees and taxable costs only.

*Reversed and remanded.*

CIKLIN, J., and BELL, CAROLYN, Associate Judge, concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**